In re Marius A. ZANTMAN and Jeannette Young Zantman, Debtors.

No. 01–00083.

United States Bankruptcy Court, D. Idaho.

April 10, 2001.

J. Bart Green, Green & Green, Meridian, ID, for debtors.

Lois Murphy, Boise, ID, trustee.

## SUMMARY ORDER RE TRUSTEES OBJECTION TO DEBTORS' CLAIM OF EXEMPTION

JIM D. PAPPAS, Chief Judge.

### Background

On February 26, 2001, Chapter 7 Trustee Lois Murphy filed an Objection to [Debtors'] Claim of Exemption (Docket No. 9). Debtors filed a response to the Objection on March 13, 2001(Docket No. 13).[1] A hearing was held on April 4, 2001 at which the parties appeared, after which this matter was taken under advisement.

### Facts

From the record, the following facts appear undisputed.

In June 1991, Marty Zantman and Jeannette Young–Zantman ("Debtors") originally purchased a single parcel of land in Ada County consisting of 9.987 acres from William and Irene McBride. At the time of purchase, Debtors believed the parcel actually consisted of ten or more acres, as the zoning requirements for that area authorized no tract smaller than ten acres. In addition to living in a house on the acreage, Debtors used the other outbuildings and land to operate a dairy until January 2000.

Sometime after purchasing the property, Debtors became aware that this parcel actually contained less than ten acres, and as such, their purchase transaction constituted an "illegal split" under applicable zoning rules. Additionally, Debtors realized the property did not contain a legal access road or sufficient frontage along the road. County regulations apparently require an access road be at least thirty feet wide, whereas the Debtors' road is only twenty feet wide. The County granted Debtors a variance for the access road, conditioning it upon use for only their single residence. However, Debtors were directed to acquire additional property to provide sufficient frontage for their property.

Subsequently, in October 2000, Debtors engaged in a convoluted series of transactions with the previous owners and the owner of adjacent land, the goal of which was to secure sufficient additional property to meet the zoning requirements for minimum acreage and frontage. The somewhat confusing details of these transactions are of no importance here. Suffice to say, these transactions resulted in Debtors owning approximately thirteen acres, consisting of three separate parcels, each with a separate legal description: a one-acre parcel on which the residence sits and an 8.987 acre parcel, both of which Debtors obtained as part of their original purchase in 1991; and a 3.7 acre parcel thereafter acquired to settle the zoning issues.

Debtors do not operate the dairy any longer. However, they use the three parcels as a single property. Debtors live in the house. Mr. Zantman also testified at hearing that he intends to plant oats this growing season on a portion of the property, and that Debtors have been using the

---

1. Debtors' response is entitled "Debtors' Motion to Strike Trustee's Objection to Debtors' Claim of Homestead Exemption." However, at hearing, Debtors' counsel indicated there was no technical deficiency in the Trustee's objection requiring that it be "stricken" from the record, and the "motion" was in fact intended merely as a response and opposition to the Trustee's objection.

remaining property and premises to raise a few farm animals for their own consumption. In the future, Debtors hope to raise more animals to market as well.

Debtors filed for Chapter 7 relief on January 11, 2001 and claimed a homestead exemption as to the entire thirteen acres and improvements. Trustee objects.

**Disposition**

■ Idaho has opted out of the federal exemptions. Therefore, a debtor in bankruptcy is limited to the exemptions provided by Idaho law. 11 U.S.C. § 522(b); *In re Egbert*, 00.2 I.B.C.R. 104 (Bankr.D.Idaho 2000). As the objecting party, the Trustee bears the burden of proving the exemption is improper. Fed. R. Bankr.P. 4003(c).

■ Idaho Code § 55–1001 defines the homestead as "the dwelling house or the mobile home in which the owner resides or intends to reside, with appurtenant buildings, and the land on which the same are situated and by which the same are surrounded, or improved . . . ." The Idaho legislature has not chosen to limit the size of the property that can be claimed exempt as a homestead. Instead, the exemption is limited to the net value of the land and improvements up to a maximum of $50,000. Idaho Code § 55–1003. Idaho's homestead statutes are to be liberally construed in favor of the debtor. *Egbert*, 00.2 I.B.C.R. at 104.

■ Resolution of the issue before the Court is not difficult. As noted, under Idaho's law, a homestead is not limited to a defined maximum amount of land, nor is there any requirement that the homestead consist of one parcel or one legal description. Rather, the case law makes it clear that a homestead may consist of any amount of land, provided the other requirements of § 55–1001 are met. Creditors' interests are protected in this instance, as the Legislature designed, by the limitation that only $50,000 in equity in the property may be claimed as exempt.

■ Furthermore, the statute protecting the land "surrounding" a debtor's may be interpreted to include all property which is adjacent to or contiguous with the land on which the house actually sits. There is no requirement that such land be comprised of a single parcel. *In re Taylor*, 95 I.B.C.R. 74, 76 (Bankr.D.Idaho 1995) (two parcels of land bisected by a road are both properly exempted under the homestead provisions, because each parcel extended to the center of the road and were thus contiguous); *In re Crumley*, 95 I.B.C.R. 8, 9 (Bankr.D.Idaho 1995). As long as the parcels are contiguous and are utilized by the owner as a single parcel, the requirement that the land surround the dwelling house will be met. *In re Millsap*, 91 I.B.C.R. 5, 7 (Bankr.D.Idaho 1991).

■ Trustee believes Debtors' parcels can and should be subdivided, thereby allowing the Debtors a home in which to live, but preserving the "excess" land for the benefit of the bankruptcy estate. While Trustee is not specific as to what property should be severed from the homestead, presumably she argues the exemption should apply only to the one acre upon which Debtors' dwelling house actually sits, or perhaps to at least exclude the more recently acquired 3.7 acres. This approach would be impractical. Mr. Zantman's uncontroverted testimony at hearing indicated that the boundary line for the one-acre parcel runs through some of the outbuildings on his property, and there-

fore, the small property is not physically divisible from the rest of the land. Furthermore, because of the zoning regulations, it would appear the property is not legally divisible either. Under either of Trustee's scenarios, the remaining property would consist of less than ten acres, and include an inadequate amount of frontage. It appears that division of the property would render the property unmarketable.

In summary, and without regard to when Debtors acquired the three parcels, the zoning requirements, or where the boundary lines for the individual parcels lie, the Court concludes Debtors properly claimed their property exempt under the Idaho Code. The various parcels are contiguous; Debtors actually reside on the property; and Debtors utilize the parcels as a single property. The Court and creditors need not be concerned whether a division of the land is physically or legally possible. Under Idaho's exemption law interpreted liberally, and subject to the $50,000 limit, the house, land and improvements are exempt.

For these reasons, Trustee's Objection to Claim of Exemption (Docket No. 9) is hereby **DENIED** and Debtors' homestead exemption is hereby **ALLOWED** pursuant to Idaho Code § 55–1001 *et seq.*

**IT IS SO ORDERED.**